# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

TABATHA SCHEON SEIBERT,

    Plaintiff,
v.                                                                                        Case No. 17-13590

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
    _____/

## OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTION, ADOPTING REPORT AND RECOMMENDATION, AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This is a Social Security appeal stemming from the denial of disability benefits. The case was referred to Magistrate Judge R. Steven Whalen for consideration and recommendation of dispositive motions. (Dkt. #3.) Both Plaintiff and Defendant filed a motion for summary judgment. (Dkt. #17, 20.) Currently before this court is a Report and Recommendation ("R&R") issued by Judge Whalen which recommends granting Defendant's motion and denying Plaintiff's. (Dkt. #22.) Plaintiff timely filed one objection to the R&R. (Dkt. #23.) After reviewing the R&R and the parties' filings, the court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below, and in the R&R, the court will overrule Plaintiff's objection and adopt the R&R in its entirety without alteration.

## I. STANDARD

The filing of timely objections to an R&R requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*,

447 U.S. 667 (1980); *United States v. Winters*, 782 F.3d 289, 295 n.1 (6th Cir. 2015); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the court to re-examine all the relevant evidence previously reviewed by the magistrate judge to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

## II. DISCUSSION

Plaintiff's sole objection to the R&R challenges Judge Whalen's proposed finding that the ALJ properly discounted the opinions of Plaintiff's treating medical provider, Dr. Aggarwal. In analyzing the opinions of a treating source,

> An ALJ is required to give controlling weight to a treating physician's opinion so long as that opinion is supported by clinical and laboratory diagnostic evidence not inconsistent with other substantial evidence in the record. But if the ALJ concludes that a treating source's medical opinion is not entitled to controlling weight, she must weigh the opinion in light of several factors. The ALJ need not perform an exhaustive, step-by-step analysis of each factor; she need only provide "good reasons" for both her decision not to afford the physician's opinion controlling weight and for her ultimate weighing of the opinion.

*Biestek v. Comm'r of Soc. Sec.*, 880 F.3d 778, 785 (6th Cir. 2017) (internal citation omitted).

Plaintiff argues that the ALJ failed to provide "good reasons" for assigning only some weight to Dr. Aggarwal's opinions. (Dkt. #23, PageID 684.) Plaintiff asserts that the ALJ discounted Dr. Aggarwal's opinions solely on the basis that they were supported by nothing more than Plaintiff's subjective complaints. (*Id.*) This argument misconstrues the ALJ's opinion, which must be read as a whole. *See Vitale v. Comm'r of Soc. Sec.*, No. 16-12654, 2017 WL 4296608, at *2 (E.D. Mich. Sept. 28, 2017) (internal citations omitted) ("The ALJ's assessment of Dr. Petrilli's opinion, read together

2

with the ALJ's decision as a whole, is sufficiently specific to indicate the ALJ's good reasons for determining that Dr. Petrill's opinion was inconsistent with the other substantial evidence in the case record.").

While the ALJ did state that Dr. Aggarwal's finding of Plaintiff's limitations was "only supported by claimant's subjective complaints," the ALJ also explained that Dr. Aggarwal's findings were inconsistent with his April 2016 treatment notes as well as the assessments of other medical providers. (Dkt. #9-2, PageID 57.) Specifically, as Judge Whalen observed, Dr. Aggarwal's own treating records, as well as records from other medical providers, consistently found that Plaintiff exhibited a normal gait, good muscle strength, and normal range of motion. (Dkt. #22, PageID 676.) Additionally, the ALJ noted that Plaintiff began reducing her pain medication in April 2016 and observed that Dr. Arrarwal's diagnosis of lupus was not confirmed with laboratory results. (Dkt. #9-2, PageID 55, 57.) The court agrees with Judge Whalen's recommendation that these factors provide a sufficent explanation for the ALJ's decision to afford only "some weight" to Dr. Aggarwal's opinions. Thus, even if additional evidence in the record could support a finding of disability, the court will not reweigh the evidence considered by the ALJ. *See Big Branch Res., Inc. v. Ogle*, 737 F.3d 1063, 1074 (6th Cir. 2013) (internal quotations and citations omitted) ("Here, the [plaintiff] asks us to reweigh the evidence and substitute our judgment for that of the ALJ. We cannot do so. Even if we would have taken a different view of the evidence were we the trier of facts, we must affirm the ALJ's reasonable interpretation.").

Plaintiff also argues that Judge Whalen impermissibly considered evidence not cited by the ALJ in reaching his recommendation that good reason existed to discount

3

the opinions of Dr. Aggarwal. (Dkt. #23, PageID 686.) This argument is unavailing because in reviewing an ALJ's decision for substantial evidence, the court "may look to any evidence in the record, regardless of whether it has been cited by the ALJ." *Engebrecht v. Comm'r of Soc. Sec.*, 572 F. App'x 392, 396 (6th Cir. 2014) (internal quotations omitted).

### III. CONCLUSION

For the reasons stated above, the court overrules Plaintiff's objection and adopts Judge Whalen's R&R in full and without amendment. Accordingly,

IT IS ORDERED that Plaintiff's objection (Dkt. #23) is OVERRULED and that the Report and Recommendation (Dkt. #22) is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment (Dkt. #20) is GRANTED and Plaintiff's Motion for Summary Judgment (Dkt. #17) is DENIED.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: March 13, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 13, 2019, by electronic and/or ordinary mail.

s/Lisa G. Wagner
Case Manager and Deputy Clerk
(810)292-6522

S:\Cleland\Cleland\HEK\Civil\17-13590.SEIBERT.adopt.social.security.R&R.HEK.docx